# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BASIM ASMAR SHAKIR-BEY, | Case No. 22-CV-0637 (JRT/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN GUY BOSH, | |
| Respondent. | |

This matter comes before the Court on Petitioner Basim Asmar Shakir-Bey's (1) Petition and Memorandum Submitted Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt. No. 1) and (2) Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application," Dkt. No. 2). The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the following reasons, the Court recommends dismissing this action without prejudice and denying the IFP Application as moot.

In October 1998, a jury convicted Mr. Shakir-Bey of three counts of first-degree burglary (violating Minn. Stat. § 609.582, subd. 1(c) (1996)) and five counts of first-degree criminal sexual conduct (violating Minn. Stat. § 609.342 (1996)). (*See, e.g.*, Pet. at 2). *See also State v. Shakir-Bey*, No. C1-99-358, 1999 WL 1216338, at *1 (Minn. Ct. App. Dec. 21, 1999). The trial court sentenced him to 67 and one-half years in prison. (*See* Pet. at 1). *See also Shakir-Bey*, 1999 WL 1216338, at *2. Mr. Shakir-Bey filed a direct appeal, but

the Minnesota Court of Appeals affirmed his conviction and sentence, and the Minnesota Supreme Court denied his Petition for Further Review. (*See* Pet. at 2.) *See also Shakir-Bey*, 1999 WL 1216338, at *2.

In April 2000, Mr. Shakir-Bey filed a Petition for a Writ of Habeas Corpus (subject to 28 U.S.C. § 2254) in federal court challenging his conviction. *See, e.g.*, R. & R., *Shakir-Bey v. Adair*, No. 00-CV-0893 (JRT/AJB) (D. Minn. Apr. 12, 2000) ("April 2000 R&R"). This Petition raised one ground: "that [Mr. Shakir-Bey's] Fourth Amendment rights had been violated, because the trial court allowed the prosecution to present certain incriminating evidence that the police obtained by conducting a search that allegedly exceeded the scope of their search warrant." *Id.* at 2. Magistrate Judge Arthur J. Boylan issued a Report and Recommendation recommending that Mr. Shakir-Bey's Habeas Petition be denied, and Judge Ann D. Montgomery later entered an Order overruling Mr. Shakir-Bey's objections and dismissing his Habeas Petition with prejudice. *See id.*; Mem. Op. & Order, *Shakir-Bey v. Adair*, No. 00-CV-0893 (JRT/AJB) (D. Minn. Apr. 12, 2000).

Like Mr. Shakir-Bey's earlier § 2254 Petition, the present Petition challenges his 1998 state-court conviction. (*See* Pet. at 1–2.) He raises four new grounds, all distinct from the earlier Petition's Fourth Amendment claim. (*Compare id.* at 4–5 (listing issues) *with* Apr. 2000 R&R at 2.)

This Court lacks jurisdiction to consider the present Petition. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for

2

an order authorizing the district court to consider the application." The present Petition is plainly "second or successive"; it challenges the same conviction challenged in Mr. Shakir-Bey's earlier § 2254 petition. *Cf. Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010) ("[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged."). Without authorization from the U.S. Court of Appeals for the Eighth Circuit, this Court cannot address the Petition.

The next question is whether to dismiss the Petition or transfer it to the Eighth Circuit for that court to consider authorization. The Court recommends dismissal. The Petition's claims fall outside § 2244(b)(2)'s authorization criteria because: they are not based upon a new constitutional-law rule; there is no obvious reason why Mr. Shakir-Bey could not have discovered "the factual predicate for the claim[s]" long ago; and the facts asserted are not "sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found [Mr. Shakir-Bey] guilty of the underlying offense." The Court thus does not believe that the Eighth Circuit would authorize the Petition, so the Court recommends dismissing the Petition instead of transferring it.[1] Given this disposition, the Court also recommends denying his pending IFP Application as moot.

A § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A court may not grant a COA unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore,

---

[1] Mr. Shakir-Bey can of course seek authorization from the Eighth Circuit himself, notwithstanding this recommendation.

3

"[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim[s]"—as here—"a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A comparison of the 2000 Petition with the present Petition shows without ambiguity that Mr. Shakir-Bey is attempting to file a second or successive petition. A review of this case's procedural history shows that Mr. Shakir-Bye did not seek, much less obtain, authorization from the Eighth Circuit for such a filing. The resulting legal analysis is not complex and leads straightforwardly to the conclusion that this Court does not have jurisdiction. This makes it highly unlikely that any other court, including the Eighth Circuit, would treat the Petition differently than this Court is treating it here. The Court therefore recommends not granting Mr. Shakir-Bey a COA.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Basim Asmar Shakir-Bey's Petition and Memorandum Submitted Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of federal subject-matter jurisdiction;

2. Mr. Shakir-Bey's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2) be **DENIED** as moot; and

3. No certificate of appealability be issued.

Dated: April 8, 2022            *s/ John F. Docherty*
                                       JOHN F. DOCHERTY
                                       United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).